**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**TERRENCE JOHNSON,**

    Petitioner,

v.                                     **CIVIL ACTION NO.: 3:14-CV-126
CRIMINAL ACTION NO.: 3:12-CR-49
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Michael John Aloi. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed R&R. Magistrate Judge Aloi issued his R&R on May 9, 2016. ECF No 176.[1] In the R&R, he recommends that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 162] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a

---

[1] All references to CM/ECF docket numbers herein refer to Criminal Action No. 3:12-CR-49.

party's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Aloi's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Civ. P. 6(d). The Petitioner avers that he received a copy of the R&R on May 17, 2016. Soon thereafter, the Petitioner moved for an extension of the deadline to file objections to the R&R, citing complications relating to his relocating from one correctional institution to another. In his motion for an extension of time, the Petitioner requested a sixty-day extension of the objections deadline. The Court granted the Petitioner's motion and ordered that his objections, if any, be filed by August 1, 2016.[2] As of the date of this Order, the Court has not received any objections to the R&R. Therefore, after allowing for an appropriate amount of time to ensure personal receipt and to compensate for postal delays, the Court finds that the deadline for the Petitioner to submit objections to the R&R has passed.

Accordingly, this Court has reviewed the R&R for clear error. Upon careful consideration of the record, the parties' filings and the R&R, the Court finds no clear error. In his motion under § 2255, the Petitioner alleges ineffective assistance of counsel, arguing that his attorney failed to request a special jury instruction regarding witnesses who cooperated with the Government and witnesses who were addicted to drugs. In recommending that the Petitioner's motion be denied, Magistrate Judge Aloi found that the

---

[2] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

Petitioner's arguments lack merit. Specifically, the magistrate judge found that the district judge who presided over the Petitioner's trial gave sufficient instructions on issues concerning witnesses who cooperated with the Government *and* witnesses whose testimony might have been affected by their use of drugs or alcohol. These instructions were drawn from a series of instructions proposed by the Petitioner's attorney before trial. Upon review, this Court concurs with the magistrate judge and finds that the Petitioner has failed to demonstrate that his counsel's performance was deficient.

For the above-stated reasons, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 6 in Civil Action No. 3:14-CV-126; ECF No. 176 in Criminal Action No. 3:12-CR-49] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 1 in Civil Action No. 3:14-CV-126; ECF No. 162 in Criminal Action No. 3:12-CR-49] is **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address.

**DATED:** August 11, 2016

*/s/ Gina M. Groh*
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE